Seth Ingram vs. The Devisees, etc., of Ira Ingram, Deceased — Appeal from Matagorda County.

Upon the Spanish or Louisiana law the period of prescription within which proceedings might be instituted to contest the validity of a will was five years. [9 Tex. 123, 129; 10 Tex. 246; 11 Tex. 430; 15 Tex. 285.]

Where a will was probated in 1837, and a party interested brought suit to contest the validity of the same, on the 29th of January, 1844: *Held*, that under the 3d section of the probate law of 1840, and the rule adopted by this court in the case of Gautier v. Franklin, the action was barred.

The facts connected with the only question considered by the court in this case are presented in the opinion.

*Harris*, for appellant.

*Denison, Gillespie* and *Webb*, for appellees.

Mr. Justice Wheeler delivered the opinion of the court.

[591] It appears that Seth Ingram petitioned the probate court of Matagorda county to admit to probate the last will and testament of his then deceased brother, Ira Ingram, and that the same was, upon his petition and the proof adduced by him, admitted to probate, and he appointed executor thereof, in September, 1837; that the appellant accepted the appointment, the duties of which he continued to exercise for several years, and for some time after he was advised of "the alleged defects in, and nullity of said will;" and that he instituted this proceeding on the 29th day of January, 1844, under the 3d section of the act of 1840, 4 Stat. 112, to "contest the validity" of the will, and "require it to be proved in solemn form."

The defendants, in their answer, interposed the plea of *prescription*, and various other matters of defense, to the right of the plaintiff to maintain his action or to call in question the validity of the will.

There was judgment for the defendant in the probate court, which was affirmed by the district court, and the plaintiff appealed.

If, by the Spanish or the Louisiana law, the plaintiff could have been permitted to contest the validity of the will, or to claim the estate as heir, under all the circumstances of this case (Partida, 6, tit. 6, l. 13; 19 Partida, 6, tit. 8, l. 6), the

period of prescription within which his proceeding must have been instituted by the provisions of that law, which was in force prior to the act of 1840, introducing the common law (Laws of Consultation, Ordinance of 22d January, 1836, 136, section 3; 4 Stat. 1840, 4, section 2; id. 111, 112, section 3), was five years. La. Civil Code, art. 3507; 7 Martin, 375, 401–3; 4 M. R. (N. S.) 403; Partida, 6, tit. 8, 4. The act of 1840 regulating the duty of probate courts, etc., pp. 111, 112, section 3, allowed the party interested four years from the probate of the will within which to contest its validity, or to require it to be proved in solemn form. Applying, then, to this case the rule adopted by this [592] court in the case of Gautier v. Franklin, 1 Tex. 732, it is manifest that the plaintiff's right of action was barred long before the institution of this suit.

We are of opinion, also, that the plaintiff was precluded from maintaining this action upon other grounds asserted in the answer and apparent upon the record, but as the plea of prescription is supported by the facts disclosed, and is conclusive, it is unnecessary to consider the other questions presented.

We are of opinion that the judgment be affirmed.